JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kashmir Dennis

**(b)** County of Residence of First Listed Plaintiff ___Philadelphia___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph Oxman, 1518 Walnut Street, Suite 1010, Philadelphia, PA. 19102; 215-665-9999

## DEFENDANTS

Correctional Officers Heads, Kilson, Henry and The City of Philadelphia

County of Residence of First Listed Defendant ___Philadelphia___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Pharmaceutical Slander Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle ☐ 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| ☐ 190 Other Contract | Product Liability ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | Injury ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | ☐ 362 Personal Injury - Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | Medical Malpractice | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting ☐ 463 Alien Detainee | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment ☐ 510 Motions to Vacate | | or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | Accommodations ☐ 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - ☐ 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities - ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | State Statutes |
| | Other ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
8th and 14th Amendments of the U.S. Constitution under 42 U.S.C.A. 1983

Brief description of cause:
Excessive Force, Assault and Battery by correctional officer defendants

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
October 3, 2025

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

DESIGNATION FORM

Place of Accident, Incident, or Transaction: _The Philadelphia Department of Prisons_

---

**RELATED CASE IF ANY:**  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?                               Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?   Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

OXMAN, GOODSTADT, & KURITZ
BY: **JOSEPH S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street
Suite 1010
Philadelphia, PA  19102
(215) 665-9999
Attorney for Plaintiff

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KASHMIR DENNIS**<br>　　　　　Plaintiff | **CIVIL ACTION NO** |
| vs. | **COMPLAINT** |
| **CORRECTIONAL OFFICERS HEADS, KILSON, HENRY and THE CITY OF PHILADEPHIA**<br>　　　　　Defendants | **JURY TRIAL DEMANDED** |

　　　　Plaintiff Kashmir Dennis, by way Complaint against defendants says:

## PARTIES

1. Plaintiff, Kashmir Dennis, is a citizen of the United States and is currently residing in Philadelphia, Pennsylvania.

2. Defendant Correctional Officer Lieutenant Heads is an individual who is a resident of Pennsylvania, and always relevant to this action, was a corrections officer for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

3. Defendant Corrections Officer Kilson is an individual who is a resident of Pennsylvania, and always relevant to this action, was a corrections officer for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

4. Defendant Corrections Officer Henry is an individual who is a resident of Pennsylvania,

and always relevant to this action, was a corrections officer for the Philadelphia Department of Prisons, 7901 State Road, Philadelphia, PA 19136.

5. Defendant, The City of Philadelphia, was and still is a city of the 1st class duly organized and existing under and by virtue of the laws of the State of Pennsylvania with a principal business address of City Hall, Philadelphia, Pennsylvania.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit because the action is brought pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

7. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiff's claims arising under State law, including but not limited to violations of his State Constitutional rights against defendants for intentional infliction of emotional distress because this claim is so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

9. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

10. On or about October 7, 2023, the plaintiff was an inmate at The Philadelphia Industrial Correctional Center in Unit C on the top tier.

11. On the above-mentioned date plaintiff was attacked, without justification, by defendants Heads, Kilson and Henry when the defendants forcibly removed plaintiff's shoes, handcuffed him and then threw him down the stairway while he was handcuffed.

12. As a result of the above-mentioned excessive force, assault and battery of the plaintiff, Dennis suffered a broken nose, fractured ribs, a fracture of his right knee and a fracture of his right wrist.

**COUNT I**
**PLAINTIFF KASHMIR DENNIS VS. CORRECTIONAL OFFICERS HEADS, KILSON and HENRY**
**THE RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS UNDER THE 8th and 14th AMENDMENT OF THE UNITED STATES CONSTITUTION**
**EXCESSIVE FORCE UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT**

13. The allegations contained above are incorporated herein as though fully set forth.

14. The above-described actions of defendants on October 7, 2023, constitute violations of plaintiff's constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

15. The assault and battery of plaintiff, by defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal excessive force of the plaintiff.

16. The assault and battery of the plaintiff by defendants violated his rights under the United States Constitution and the Laws of the State of Pennsylvania.

17. The actions of defendants as correctional officers were committed under color of law and authority of defendant City of Philadelphia and its prison department, and while acting in their individual capacity as correctional officers.

18. The actions of the defendant correctional officers recklessly disregarded and therefore deprived plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983, including but not limited to the right to be secure in this person, to be free from the excessive use of force.

**COUNT II**
**PLAINTIFF KASMIR DENNIS VS. THE CITY OF PHILADELPHIA**
**FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE DEFENDANTS' HEADS,**
**KILSON and HENRY UNDER SECTION 1983, OF THE CIVIL RIGHTS ACT AND**
**"MONELL"**

19. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

20. Defendant, City of Philadelphia and its prisons department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction defendant correctional officers Heads, Kilson and Henry who have violated the rights of citizens by choking citizens, including the plaintiff's, thus encouraging defendant correctional officers Heads, Kilson and Henry in this case to engage in assaulting prison inmates of the City of Philadelphia by choking.

21. Defendants, City of Philadelphia and its prisons department as a further matter of policy and practice failed to train its defendant correctional officers Heads, Kilson and Henry, with respect to the constitutional, statutory and departmental limits of their authority including refraining from assaulting prison inmates of the City of Philadelphia by illegally handcuffing and throwing inmates down stairways.

22. The defendant, City of Philadelphia and its prisons department were on actual notice of a need to train, supervise, discipline or terminate defendant correctional officers Heads, Kilson and Henry, prior to the incident in question, as other similar incidents of assaults on prison inmates have occurred in the past involving defendant correctional officers Heads, Kilson and Henry.

**COUNT III**
**PLAINTIFF KASHMIR DENNIS VS. CORRECTIONAL OFFICERS HEADS, KILSON**
**and HENRY**
**ASSAULT AND BATTERY**

23. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

24. The above-described forcible removal of the plaintiff's shoes, handcuffed him and then throwing him down the stairway while he was handcuffed, constitutes an assault and battery by defendants Heads, Kilson and Henry, because of which plaintiff was physically injured as well as sustaining severe and significant emotional distress.

## COUNT IV
## PLAINTIFF KASMIR DENNIS VS. CORRECTIONAL OFFICERS HEADS, KILSON and HENRY
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. The foregoing paragraphs are incorporated by reference.

26. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff, by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, or by conspiring against him, or by interfering with Plaintiff's state civil rights by being deliberately indifferent with reckless disregard for Plaintiff's safety through policy and actions, or knew or should have known that emotional distress was the likely result of their conduct.

27. Defendants Heads, Kilson and Henry's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community as defendants Heads, Kilson and Henry deliberately and recklessly threw the plaintiff down a stairway while he was handcuffed.

28. The actions of all the defendants were the cause of plaintiff's distress.

29. The emotional distress sustained by the plaintiff was severe and of a nature that no reasonable person could be expected to endure.

§ 1988 (b).

## **PRAYER**

38. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

39. Wherefore, Plaintiff demands judgment against Defendants Heads, Kilson and Henry individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

40. Wherefore, the Plaintiff demands judgment against The City of Philadelphia, individually, jointly and/or in the alternative for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## **PLAINTIFF'S DEMAND FOR JURY TRIAL**

41. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

Joseph Oxman, Esquire
Attorney for Plaintiff

# <u>V E R I F I C A T I O N</u>

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

_____
PLAINTIFF