**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KASHMIR DENNIS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 25-5731** |
| | : | |
| **CORRECTIONAL OFFICER HENRY,** | : | |
| **and CORRECTIONAL OFFICER T.** | : | |
| **BROWN** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                      **May 26, 2026**

An incarcerated person claiming correctional officers caused him severe emotional distress must adduce medical evidence of the distress. His say-so does not suffice. We today address correctional officers' motion for judgment on an emotional distress claim following discovery after the incarcerated person did not adduce medical evidence. And his lawyer did not oppose the correctional officers' motion. We nevertheless studied the record. We find, consistent with the reasoning from several of our colleagues, the incarcerated person may not proceed to trial on his intentional infliction of emotional distress claim as a matter of well-established Pennsylvania law. We grant the correctional officers' motion for partial summary judgment on the emotional distress claim. We will proceed to trial next month on the excessive force and common law assault and battery claims against Correctional Officers Henry and Brown.

I. **Undisputed Facts**

The incarcerated Kashmir Dennis sued Correctional Officers at the Philadelphia Industrial Correctional Center for injuries he sustained in an October 7, 2023 incident in the Center.[1] He claims Correctional Officers Henry, Brown, and Hall and Lieutenant Sampson forcibly removed his shoes, handcuffed him, and threw him down a stairway while handcuffed, and slammed him

into a glass door causing injuries to Mr. Dennis's face and head, a broken nose, fractured ribs, and fractured knee and wrist.[2] Mr. Dennis swore he suffered symptoms consistent with emotional distress.[3] The Center's medical records show it treated Mr. Dennis for a laceration on his upper left brow for which he later received stitches at Jefferson Hospital.[4] The Center's records also show Mr. Dennis sought treatment for emotional injuries after the October 7, 2023 incident.[5] But Mr. Dennis did not present expert medical evidence to support his intentional infliction of emotional distress claim required under Pennsylvania law.

Mr. Dennis asserted an excessive force claim under section 1983, and state law assault and battery and intentional infliction of emotional distress claims.[6] The parties engaged in extensive discovery and we are set for trial next month.

## II. Analysis

The Correctional Officers and Lieutenant Sampson move for summary judgment on the intentional infliction of emotional distress claim only.[7] They primarily argue Mr. Dennis cannot adduce a basis at trial for his intentional infliction of emotional distress claim as a matter of Pennsylvania law because he did not produce the required expert medical testimony to support the claim. The Correctional Officers and Lieutenant Sampson also argue Mr. Dennis did not produce his medical records documenting treatment for his injuries suffered in the October 7, 2023 incident by the close of discovery and their conduct is not "outrageous" as defined by Pennsylvania law based on admitted–to conduct by not responding to Requests for Admission.

Mr. Dennis did not respond to the Correctional Officers' and Lieutenant Sampson's Motion for partial summary judgment on the intentional infliction of emotional distress claim.[8] Mr. Dennis does not lose the summary judgment motion by default because he declined to respond.[9] But, by failing to respond, Mr. Dennis "waives the right to respond to or controvert the facts asserted in

the summary judgment motion."[10] Because Mr. Dennis bears the burden of proving his intentional infliction of emotional distress claim, we must determine whether Mr. Dennis's deficiencies in failing to provide medical expert testimony to support his claim entitles the Correctional Officers and Lieutenant Sampson to judgment on his emotional distress claim as a matter of law.[11] Against this standard, we conclude Mr. Dennis did not meet his burden and they are entitled to judgment as a matter of law.

Mr. Dennis must show intentional outrageous or extreme conduct by the Correctional Officers and Lieutenant Sampson, causing severe emotional distress, with "some type of resulting physical harm" because of the alleged conduct.[12] Liability may only be found where the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[13]

Pennsylvania law requires existence of emotional distress supported by "competent medical evidence."[14] Pennsylvania's courts interpret "competent medical evidence" to mean expert medical testimony.[15] Our Court of Appeals and colleagues applying Pennsylvania law require the alleged harm resulting from a defendant's outrageous conduct be supported by expert medical testimony.[16] Judge Brody last year granted summary judgment on an intentional infliction of emotional distress claim because plaintiff did not adduce expert medical confirmation of her alleged emotional distress resulting from defendants' alleged conduct.[17]

Mr. Dennis has not adduced the required evidence. We find he cannot proceed on this claim as a matter of law.

## III.  Conclusion

Mr. Dennis has not adduced evidence allowing us to find a genuine issue of material fact precluding judgment as a matter of law in favor of the Correctional Officers and Lieutenant

Sampson on his infliction of emotional distress claim. We grant the Correctional Officers' and

Lieutenant Sampson's motion for partial summary judgment.

---

[1] ECF 38, second amended Complaint ¶13. Our Policies require parties moving for relief under Fed. R. Civ. P. 56 include a memorandum, Statement of Undisputed Material Facts ("SUMF"), and an appendix in support of summary judgment. The Correctional Officers and Lieutenant Sampson moved for summary judgment on the intentional infliction of emotional distress claim, a brief in support of summary judgment, a Statement of Undisputed Material Facts, and an appendix. ECF 66, 66–1,66–2. Mr. Dennis's counsel did oppose Defendants' Motion for partial summary judgment.

[2] ECF 38 ¶¶ 14–15.

[3] ECF 66–1, SUMF ¶ 14.

[4] *Id.* SUMF ¶ 12.

[5] *Id.* SUMF ¶ 13.

[6] *Id.* Mr. Dennis voluntarily dismissed the excessive force and assault and battery claims against Correctional Officer Hall and Lieutenant Sampson and dismissed his civil rights conspiracy claim against all Defendants. ECFs 64, 65.

[7] ECF 66.

[8] Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those 'that could affect the outcome' of the proceeding, and 'a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party does not prevent summary judgment. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). When determining whether a disputed fact is genuine, we draw all inferences in favor of the non-moving party. *Id*. We do not weigh evidence or make credibility determinations. *Spivack v. City of Phila.*, 109 F.4th 158, 165-66 (3d Cir. 2024) (citing *Peroza-Benitez v. Smith*, 994 F.3d 157, 164 (3d Cir. 2021)).The Supreme Court "outlined two closely related methods for a movant to succeed at summary judgment": (1) under the "standard approach," the moving party may produce material facts, genuinely undisputed, entitling it to judgment as a matter of law; and (2) under the "*Celotex* approach," the moving party "may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case … *on which that party will bear the burden of proof at trial*." *Mall Chevrolet, Inc. v. General Motors LLC*, 99 F.4th 622, 630 (3d Cir. 2024) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Summary judgment is appropriate where the nonmoving party does not make a showing

sufficient to establish the existence of an element essential to its case and on which it bears the burden of proof at trial. *SodexoMAGIC*, 24 F.4th at 204 (citing *Celotex Corp.*, 477 U.S. at 322).

[9] *Hitchens v. Cnty. of Montgomery*, 98 F. App'x 106, 110 (3d Cir. 2004).

[10] *Drummer v. Hosp. of Univ. of Pennsylvania,* 455 F. Supp. 3d 160, 167 (E.D. Pa. 2020) (quoting *B & B Fin. Servs. LLC v. Kallock*, No. 05-1277, 2006 WL 2869529, at *1 (E.D. Pa. Oct. 4, 2006)).

[11] *Id.* (quoting *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)).

[12] *Davis v. Wigen*, 82 F.4th 204, 216 (3d Cir. 2023) (quoting *Swisher v. Pitz*, 868 A.2d 1228, 1230 (Pa. Super. Ct. 2005)).

[13] *Reedy v. Evanson*, 615 F.3d 197, 231–32 (3d Cir. 2010) (quoting *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1184 (Pa. Super. Ct. 1989)).

[14] *Kazatsky v. King David Memorial Park, Inc.*, 527 A.2d 988, 995 (Pa. 1987).

[15] *Gray v. Huntzinger*, 147 A.3d 924, 929 (Pa. Super. Ct. 2016) (collecting cases).

[16] *Bolden v. Se. Pa. Transp. Auth.*, 21 F.3d 29, 35 (3d Cir. 1994) ("Under Pennsylvania law, expert medical evidence must be presented before a plaintiff can recover for intentional infliction of emotional distress."); *Catanese v. Martino*, No. 22-821, 2025 WL 84136, at *12 (E.D. Pa. Jan. 13, 2025) (alleged severe emotional distress caused by the alleged conduct requires "expert medical confirmation" of the "nature and extent" of the alleged emotional distress); *G.B. v. Jade Nails Hair Spa*, No. 19-6093, 2023 WL 5939837, at *4 (E.D. Pa. Sept. 12, 2023) (denying entry of default judgment on intentional infliction of emotional distress claim after a damages and evidentiary hearing where plaintiff swore to her emotional distress but did not proffer a medical expert or affidavit of a medical expert to support claim); *Deforte v. Borough of Worthington*, 364 F. Supp. 3d 458, 494 (W.D. Pa. 2019), *aff'd* 844 F. App'x 511 (3d Cir. 2021) (granting summary judgment on an intentional infliction of emotional distress claim where plaintiff failed to provide expert medical evidence to support claim).

[17] *Catanese*, 2025 WL 84136 at *12 (confirming Mr. Dennis's counsel is aware—or should be aware as counsel of record in both cases—he must produce expert medical evidence to support Mr. Dennis's intentional infliction of emotional distress claim).